IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| FREDERICK DEVELL PIMPTON, TDCJ-CID No. 1614913,<br><br>    Plaintiff,<br><br>v.<br><br>BRYAN COLLIER, et al.,<br><br>    Defendants. | 2:23-CV-87-Z-BR |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the findings, conclusions, and recommendation of the United States Magistrate Judge to dismiss this case as frivolous pursuant to 28 U.S.C. Section 1915(e)(2)(B) ("FCR") (ECF No. 14). The FCR provided a detailed background of the facts alleged and explained why each request and claim is frivolous as a matter of law.

Plaintiff filed objections ("Objections") (ECF No. 15) on September 24, 2024. Plaintiff "abandons his request for compensatory damages," *id.* at 6, but otherwise challenges each FCR finding, conclusion, and recommendation. The Court shall address each objection.

**I. Injunctive Relief**

Plaintiff seeks to enjoin the Clements Unit of the TDCJ but is currently housed at the Gib Lewis Unit. ECF No. 14 at 5. "He has alleged no facts showing that anyone at Gib Lewis is retaliating against him for the grievance he filed while at Clements," making his claim for injunctive relief moot. *Id.* Plaintiff's Objections are non-responsive to the FCR, arguing only that he suffered retaliation at some point — but not at Gib Lewis. ECF No. 15 at 6. Therefore, this claim remains moot and must be dismissed with prejudice.

## II. Claims against Defendants in their official capacities

The Objections do not respond to the FCR's "well established" analysis "that suits for monetary damages against state officials in their official capacities cannot succeed under Section 1983." ECF No. 14 at 6 (citing *Almond v. Tarver*, 468 F. Supp. 2d 886, 892–95 (E.D. Tex. 2006)). Plaintiff reasserts the clearly established right in question, but does not explain why his claims against Defendants in their official capacities may proceed. As the FCR rightly explains, they cannot. Therefore, these claims must also be dismissed.

## III. Claim against Defendant Collier

Plaintiff alleges that Collier violated his constitutional right to be free from cruel and unusual punishment by creating a policy or custom that caused him "undue hardship." ECF Nos. 9 at 7; 11 at 1. The FCR recommended dismissal of these claims because Plaintiff alleged neither that Collier was personally involved in the facts giving rise to this lawsuit, that these policies caused a deprivation of his rights, nor that Collier affirmatively acted to create these policies. ECF No. 14 at 7. Plaintiff reemphasizes the alleged undue hardship — alleged double jeopardy — but is otherwise non-responsive to the FCR. ECF No. 15 at 7. The FCR's reasoning stands, and therefore Plaintiff's claim against Defendant Collier must be dismissed.

## IV. Due Process claim against Defendants Gonzales, Judd, and Tovar

Plaintiff alleges that Gonzales, Judd, and Tovar violated his due process rights by rehearing the disciplinary case against him after it already had been overturned. ECF Nos. 4 at 2; 11 at 3. The FCR dismissed this claim because "[r]ehearing a disciplinary case does not implicate constitutional protections against double jeopardy, which apply only in criminal prosecutions." ECF No. 14 at 8 (citing cases). It further reasoned that Plaintiff's "claim for monetary damages based on the results of his disciplinary hearing is barred" by *Heck v. Humphrey*, 215 U.S. 477

(1994). ECF No. 14 at 8–9. That is because *Heck* "precludes Section 1983 litigation in the prison-disciplinary-proceeding context where it would negate [the prisoner's] disciplinary conviction if negating that conviction would affect the duration of his sentence by restoring his good time credits." *Gray v. White*, 18 F.4th 463, 467 (5th Cir. 2021). Thus, the FCR stated that *Heck* considerations were material here and recommended barring Plaintiff's claims accordingly. ECF No. 14 at 9.

Defendant responds only that *Heck* is not relevant here because this Court severed a habeas corpus petition from the instant lawsuit. ECF No. 15 at 7; *see* Case No. 2:24-cv-51-Z-BR. This objection misapprehends the fundamental purpose of *Heck*, which, as the FCR explained, was to prevent Section 1983 from becoming "a tool effectively to reverse state convictions without recourse to more proper means, such as habeas corpus." ECF No. 14 at 9. By severing the instant lawsuit, the Court ensured that Plaintiff could effectively challenge his conviction in a procedurally appropriate way. This claim should be dismissed.

**V. Eighth Amendment (unsanitary conditions) claim**

The FCR explained that "[a]ssuming that Pimpton's description of his high security cell is accurate, he has alleged no facts showing that any of the named Defendants are responsible for his housing and/or the condition of his cell." ECF No. 14 at 12 (citing ECF No. 11 at 1–3). That, the FCR explained, is fatal to Plaintiff's Eighth Amendment claim. *See* ECF No. 14 at 12 (citing caselaw). Plaintiff, in response, argues that the kinds of unsanitary conditions he endured are similar to those held unconstitutional in *Taylor v. Riojas*, 592 U.S. 7 (2020). But in *Taylor*, "the record suggest[ed] that at least some officers involved in Taylor's ordeal were deliberately indifferent to the conditions of his cells." *Id.* at 9. That is not the case here, where Defendant failed

3

to explain how these specific Defendants were responsible for these conditions. Plaintiff's Eighth Amendment claim is dismissed accordingly.

### VI. Retaliation

The FCR recommended dismissal of Plaintiff's retaliation claims because, *inter alia*, "he provides no facts to support his claim that the named Defendants were responsible for the alleged retaliatory acts." ECF No. 14 at 15. In response, Plaintiff avers the retaliatory conduct of a certain "Officer Martin" and "Major Carion," but neither are defendants in the instant matter. ECF No. 15 at 8. Because Plaintiff's Objection is non-responsive and the Court otherwise agrees with the FCR's analysis, Plaintiff's retaliation claim must be dismissed.

### VII. Unreasonable search and seizure against Defendant Mayfield

The FCR explained that this claim fails as a matter of law because "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." ECF No. 14 at 16 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526 (1984)). Plaintiff reasserts his general right to be free from unreasonable searches and seizures, but otherwise does not respond to the Fourth Amendment's lack of teeth in the prison-cell context. The FCR is correct, and this claim must be dismissed accordingly.

### VIII. Lost property

Plaintiff alleges that Defendant Mayfield took his book papers and legal documents. ECF No. 11 at 2. The FCR explained that this alleged conduct nevertheless requires dismissal because "Texas law provides the adequate post-deprivation remedy of conversion when property is taken without proper procedures." ECF No. 14 at 19 (citing *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009)). And because "Pimpton does not allege that his personal property was taken pursuant to anything other than 'random, unauthorized conduct' by Mayfield," he has "an adequate

4

post-deprivation remedy under Texas law . . . ." ECF No. 14 at 19. Plaintiff's Objections are non-responsive on this point. *See* ECF No. 15 at 9 ("[Non-party] Ms. Fuller is the person who lost or destroyed Plaintiff's property."). Because the analysis in the FCR is otherwise correct, Plaintiff's lost property claim should be dismissed.

### IX. Leave to amend

Because "Pimpton . . . amended his Complaint once after he was provided the applicable law by the Court" and "fully responded to the Court's questionnaire," the FCR concluded that "Pimpton has pleaded his best case . . . [and] leave to amend is unnecessary since Pimpton's claims are legally frivolous." ECF No. 14 at 20. While Plaintiff avers that he included new material facts in his Objections, ECF No. 15 at 9, the foregoing analysis demonstrates that these allegations are insufficient to survive. The Court therefore **FINDS** that the FCR is correct on this point and that leave to amend is unnecessary.

### CONCLUSION

After making an independent review of the pleadings, files, and records in this case, the District Judge concludes that the FCR is correct. It is therefore **ORDERED** that the FCR is **ADOPTED** and this case is hereby **DISMISSED** with prejudice.

**SO ORDERED.**

October __7__, 2024.

*[signature]*

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE